IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: Franklin Bank Corporation
_____

| | | |
|---|---|---|
| HoldCo Advisors, L.P., | : | |
| Appellant, | : | |
| v. | : | C. A. No. 14-1527-RGA |
| | : | Bankruptcy Case No. 08-12924 (CSS) |
| Bank of New York Mellon Trust Company NA, George L. Miller and Senior Noteholders, et al., | : | AP No. 14-44 |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **10th** day of **February, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The Appellant and Appelles do not gree on whether mediation would be productive. The present appeal arises out of the same dispute that Holdco (Appellant) unsuccessfully appealed to this court. See Case no, 13-1716-RGA, consolidated into Case No. 13-1713-RGA, D.I. 37, 38 (Memorandum Opinion and Order). In that case, I

previously determined that mediation was not appropriate. This Court found in favor of Appellees, the same Appellees in the present appeal. Holdco appealed to the Third Circuit, which cancelled mediation. No stay pending appeal at the Third Circuit was pursued by Holdco.

In its prior ruling, this Court remanded to the Bankruptcy Court the remaining issue regarding payments of certain fees. *See* Case No. 13-1713-RGA D.I, 37. That issue was resolve through settlement among the affected parties. Thereafter the Bankruptcy Court conducted a hearing and entered an Order providing for distribution to BNY Mellon. That Order is the subject of the present appeal.

Holdco is willing to mediate and feels no agreement will be reached without the assistance of a mediator. Appellees point out that the Order on appeal "does not lend itself to a mediated resolution" where they previously prevailed on the underlying merits of the appeal. I agree that in light of the present status of this matter, keeping this matter in mandatory mediation is not warranted.

The Trustee takes no position with respect to mediation, but noted because Holdco did not seek a stay of the Bankruptcy Court's Second Revised Distribution Order (the Order involved in the present appeal), the Trustee distributed the funds consistent with the terms of the Order.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are reminded of their right to file objections to this

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F᎗. R. C᎗. P. 72(a) and D. D᎗. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE